Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1393 | **DATE** | 8/6/2001 |
| **CASE TITLE** | CYNTHIA SPINA vs. FOREST PRESERVE OF COOK COUNTY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion to compel outstanding discovery and for sanctions for spoilation/destruction of evidence is granted in part and denied in part. Plaintiff's second motion for sanctions is granted in part and denied in part.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 7 2001 | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG -6 PM 6:21 | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
AUG 0 7 2001

CYNTHIA SPINA, )
)
    Plaintiff, )
) No. 98 C 1393
v. )
)
FOREST PRESERVE OF COOK COUNTY, et. al, ) Judge John W. Darrah
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cynthia Spina (Spina), commenced an action against the Forest Preserve District of Cook County (Forest Preserve) and several employees of the Forest Preserve, alleging sexual harassment and discrimination in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. Presently before the Court is plaintiff's Motion to Compel Outstanding Discovery and plaintiff's two Motions for Sanctions.

In March 1998, plaintiff filed her complaint. In the complaint, plaintiff alleged the defendants failed to adequately respond to her initial complaints of sexual harassment and that she was subjected to differential treatment in her sick leave.

In June 1998, plaintiff filed her first Request to Produce, requesting, in part, materials related to roll calls, sick leave, duty rosters, time sheets, warnings or actions taken against employees for sexual harassment or discrimination, and materials used in any investigation of plaintiff's complaints of sexual harassment. In October 1999, plaintiff filed her Third Request to produce. Also in October 1999, the Court ordered defendants to produce the Human Resource complaint files of all employees who complained of discrimination or retaliation for the past five years. Subsequently,

plaintiff filed her fourth, fifth, and sixth requests to produce in January, April, and October 2000, respectively.

Plaintiff also requested that defendants produce several female employees of the Forest Preserve for deposition. Plaintiff has also made both oral and written requests of defendants to provide any outstanding discovery.

In her Fourth Request to Produce, plaintiff specifically requested roll sheets for Area 2 and plaintiff's duty assignment for specific dates in 1996. Plaintiff requested the documents because defendants' defense, in part, is that they had responded appropriately to her complaints by conducting repeated roll calls for the period of time in question, at which time the sexual harassment policy was discussed. The documents requested are required and must be retained for specified periods of time per state law. Through deposition testimony, plaintiff learned that some of the requested documents had been thrown in a dumpster prior to the time in which they should have been destroyed by state law.

In November 2000, the Court set a discovery cut-off of August 15, 2001, and a trial date of September 4, 2001.

In March 2001, plaintiff filed a motion to compel outstanding discovery and a motion for sanctions for destruction of evidence. Plaintiff requested that the Court: (1) order defendants to produce all outstanding materials within 30 days, (2) order defendants to produce certain individuals for deposition, (3) enter default judgment against defendants on the claims of sexual harassment and retaliation, (4) bar defendants from introducing at trial any evidence that they responded appropriately to plaintiff's complaints of harassment and discrimination, (5) bar defendants from introducing any evidence contradicting plaintiff's claim that she was subjected to differential and

2

heightened scrutiny on her sick leave subsequent to her complaints of harassment and discrimination, (6) instruct the jury that the defendants destroyed or failed to produce documents within its possession and under its control, which it was required to maintain by policy and state law and purposes of this lawsuit, which records would have shown whether defendants made an appropriate response to plaintiff's complaints and whether they retaliated against plaintiff, that plaintiff is unable to produce these documents for that reason, and that the jury can infer from this destruction that the responsive documents would have been adverse to the defendants and would have supported plaintiff's case.

In April 2001, defendants responded to the motion to compel. Included in the response were approximately 2,000 pages of outstanding discovery. In May 2001, plaintiff filed a reply to defendants' response and a second motion for sanctions for failure to produce materials and late production.

In her second motion for sanctions, plaintiff alleges that: (1) defendants still have not produced all of the requested materials; (2) subsequent depositions have demonstrated that, although defendants indicated all materials for certain requests were produced, in fact, additional documents existed; (3) some of those documents recently received would have been used during previous depositions; and (4) some of the deponents will need to be deposed again to ascertain information related to the documents. Plaintiff seeks to: (1) strike defendants' answer, (2) bar defendants from introducing at trial any evidence that they responded appropriately in April or May of 1996 to plaintiff's complaints of harassment and discrimination, (3) bar defendants from claiming at trial that there was not a pattern or practice of sexual harassment and discrimination against female officers, (4) allow plaintiff to re-depose certain witnesses with defendants being ordered to pay all expenses

3

for such depositions, and (5) order defendants to pay plaintiff's attorney's fees for all efforts made to obtain the materials ultimately produced.

In its response to plaintiff's first motion, defendants provided some of the outstanding discovery but not all of it. Accordingly, defendants are ordered to produce all outstanding discovery materials prior to the close of discovery, August 15, 2001.

In her first Motion to Compel, plaintiff seeks to compel defendants to produce five female officers for deposition. The five officers are not parties to the litigation, and the defendants do not represent the female officers. Defendants do not have an obligation to produce individuals for deposition that are not a party to the suit and who are not represented by defendants. Plaintiff may compel the officers to be deposed through the issuance of a subpoena pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30; 45. Accordingly, defendants are not compelled to produce these individuals for deposition.

The remaining sanctions plaintiff seeks in her first motion are in relation to documents that were alleged to have been destroyed by defendants. Defendants have found and have given the documents to plaintiff. The documents were previously requested by plaintiff but were not subject to production by a court order. The documents were produced before the discovery cut-off date of August 15, 2001. Accordingly, the remaining requested sanctions in plaintiff's first motion are denied.

In her second motion, plaintiff seeks to strike defendants' answer as a sanction for the defendants' alleged lack of disclosure and late disclosure. In the alternative, plaintiff seeks sanctions barring defendants from introducing evidence that they responded appropriately to plaintiff's complaints, barring defendants from claiming that there was not a pattern of or practice of sexual

4

harassment and discrimination, allowing plaintiff to re-depose certain witnesses because of newly discovered/produced materials, and requiring defendants pay the costs of the depositions and costs associated with seeking the materials ultimately produced.

Plaintiff alleges that defendants produced several documents late in discovery, failed to disclose complaints by two female officers made to defendants, and has still failed to produce all requested documents. Defendants do not dispute that many documents were produced late in discovery and that it failed to disclose two officers' complaints. Defendants allege that they have been actively investigating and responding to all requests to produce.

The court's authority to sanction a party for failure to produce documents is both statutory and inherent. *Chambers v. NASCO*, 501 U.S. 32, 50-51 (1991). Sanctions are intended to : (1) ameliorate the prejudice caused to an innocent party by a discovery violation, (2) punish the party that violated its obligations, and/or (3) deter others from committing similar violations. *Danis v. USN Communications, Inc.*, 2000 WL 1694325 (Oct. 23, 2000) (citations omitted).

The court is given broad discretion to choose the appropriate sanction for discovery violations given the unique factual circumstances of the case. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). Any sanction should be proportionate to the offending conduct. *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

Here, plaintiff has actively sought production of materials in preparation of her case. Defendants produced many documents upon request but do not dispute that many documents were not produced on a timely basis and that some documents that have been produced following the taking of depositions may have been helpful and material to those depositions.

Following a review of the late documents produced by defendants, and in light of the purpose

5

of imposing sanctions, plaintiff's Second Motion for Sanctions is granted in part and denied in part. The documents, while late, have been produced prior to the close of discovery. However, the documents were relevant and could have been used during the depositions of several defendants and individuals with knowledge of facts relevant to plaintiff's claims. Accordingly, plaintiff is given leave to re-depose Steven Castans, Joseph Cutinelli, Clarence Calabrese, Michael Nudell, Howard Jones, Joanne Robinson, Robert Agnes, and William Dineen. Defendants are ordered to pay all reasonable expenses for such depositions, including court reporter and attorney fees. In addition, defendants are ordered to pay the reasonable costs and attorney fees incurred by plaintiff in making the first and second motions to compel.

For the foregoing reasons, plaintiff's Motion to Compel Outstanding Discovery and for Sanctions for Spoilation/Destruction of Evidence is granted in part and denied in part. Plaintiff's Second Motion for Sanctions is granted in part and denied in part.

Dated: 8-6-01

JOHN W. DARRAH
United States District Judge